G. Lynn Shumway (011714)
shumway@carsafetylaw.com
**SHUMWAY LAW PLLC**
4647 N. 32nd Street, Suite 230
Phoenix, Arizona  85018
Telephone : 602.795.3720
Facsimile  : 602.795.3728

Brent Ghelfi (011491)
BrentGhelfi@GhelfiLawGroup.com
**GHELFI LAW GROUP, PLLC**
4742 North 24th Street, Suite 300
Phoenix, Arizona  85016
Telephone : 602.318.3935

Thomas A. Burnett (026509)
tom@burnettlawaz.com
**BURNETT LAW OFFICE, PLC**
1744 South Val Vista Drive, Suite 208
Mesa, Arizona  85204
Telephone : 480.347.9116
Facsimile  : 480.347.9142

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| **Francisco Zavala**, an individual, | No. _____ |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| **FCA US, LLC**, a Delaware limited liability company, | (Jury Trial Demanded) |
| Defendant. | |

Plaintiff Francisco Zavala submits his Complaint against Defendant as follows:

**Parties**

**1.**   Plaintiff Francisco Zavala is an individual, a resident of Maricopa County, Arizona.

1

**2.** Defendant FCA US LLC is a limited liability company organized under the laws of the State of Delaware. It is named herein on behalf of itself and any and all predecessor corporations or entities of FCA LLC, including but not limited to Chrysler Group, LLC and DaimlerChrysler. Defendant FCA US LLC shall hereinafter be referred to as "Chrysler."

**3.** Defendant Chrysler is duly licensed and authorized to do business in the State of Arizona. Defendant Chrysler has purposefully directed business activities toward the State of Arizona.

**4.** Defendant Chrysler is a manufacturer and distributor of motor vehicles, including the 2006 Chrysler PT Cruiser, Vehicle Identification No. 3A4FY58B16T286839 (the "Vehicle"), at issue in this matter.

**5.** Chrysler placed the Vehicle into the stream of commerce in the ordinary course of business.

**6.** Whenever reference is made in this Complaint to any act of Chrysler, such allegation shall mean that Chrysler did the acts alleged in the Complaint through its officers, directors, employees, agent and/or representatives while they were acting within the actual or ostensible scope of their authority.

**Jurisdiction and Venue**

**7.** This Court has jurisdiction of the parties and subject matter. The parties are diverse and the amount in controversy exceeds $75,000 and, as such, this Court has jurisdiction pursuant to 28 U.S.C. § 1332.

**8.** Venue is proper in this Court.

**Factual Summary**

**A.  The Collision**

**9.** On September 11, 2018, at approximately 4:20 in the morning, Plaintiff Francisco Zavala was driving the Vehicle along Southern Avenue in Mesa, Arizona.

**10.** Zavala was properly restrained using the Vehicle's lap and shoulder belts.

**11.** He stopped in the left hand turn lane to turn southbound onto Stapely Drive.

2

**12.** As Zavala was waiting for the signal to turn green, a 2002 Honda sedan driven by Jorge Castillo rear-ended Zavala's vehicle (the "Collision").

**13.** During the Collision, Zavala's seatback collapsed rearward.

**14.** This collapse can be seen in the below photograph taken by Mesa Police at the collision scene.



**15.** Further, a Mesa Police crime scene specialist at the scene noted the following regarding the Vehicle's interior:

> Interior
> - No airbags deployed
> - Scattered papers in the front seats
> - Driver seat laying all the way back and broken
> - Roof buckled up
> - Rear seating area pushed forward and touching the back of the front seats

**16.** As a result of the collapse of the driver seat's seatback, the seatback and headrest failed to restrain Mr. Zavala in his pre-collision seated position.

**17.** As a result of the collapse of the Vehicle's driver seat's seatback, Mr. Zavala sustained serious injury.

**18.** Among other things, Mr. Zavala suffered a severely fractured vertebrae and a collapsed lung.

**19.** Mr. Zavala is now paralyzed from the waist down.

### B. Seatback Failures

**20.** During the Collision, the force of the collision pushed the 2006 Chrysler PT Cruiser forward. Under the laws of physics, the occupant of the Vehicle—Mr. Zavala—tended to remain in his pre-collision state until acted upon by the accelerating structures of his seats and seatbacks.

**21.** The Vehicle's driver seatback bent rearward or collapsed rearward causing the Mr. Zavala to lose the safety benefits of the seat back as the seat back moved under his body during the collision event.

**22.** Mr. Zavala suffered severe injuries from his interaction with structures behind his collapsing or collapsed seatback during the Collision and post Collision events.

**23.** Front seat seatback failure in collisions like this one can result in severe or fatal head, neck, rib, thoracic, shoulder, and other injures to front seat passengers of the size of Francisco Zavala.

**24.** The danger of weak seat back designs and their risk for serious injuries to both front and rear seat passengers has been known for approximately fifty years.

**25.** Chrysler has known about the risk of seatback bending or collapse in rear-end collisions for many decades.

**26.** Chrysler has been a defendant in cases in which claimants asserted that a Chrysler vehicle's front seat seatbacks excessively deformed or collapsed rearward during a collision, resulting in injuries to either the front seat occupants or rear seated occupants seated behind the front seat drivers and passengers.

**27.** Chrysler has been a defendant in cases in which claimants asserted that a Chrysler vehicle's front seat seatbacks excessively deformed or collapsed rearward during a collision, resulting in injuries to children seated behind the front seat drivers and passengers.

**28.** Seatback failures are known to result from defective and unreasonably dangerous seat design, poor-quality materials, improper assembly, manufacturing defects or negligent installation.

**29.** Before the sale of the Vehicle car seat suppliers were offering for sale driver seat systems that would have restrained Plaintiff's body from traveling into the rear seat area of the Vehicle during the Collision.

**30.** Chrysler chose not to install a seating system in the Vehicle that had the characteristics that would retain people the height and weight of Plaintiff in the driver seating position during a rear end collision with the characteristics of the Collision.

**31.** Chrysler chose not to install whiplash lessening head restraints in the driver seating system of the Vehicle.

**32.** Chrysler chose not to install whiplash lessening seat systems that were available at the time of the production of the Vehicle, into the Vehicle.

**33.** Chrysler will likely allege that the driver of the 2002 Honda, Jorge Castillo, is partially at fault for Plaintiff's injuries.

**34.** Under the rule of *Piner v. Superior Court In & For County of Maricopa*, 192 Ariz. 182 (1998), Defendant Chrysler bears the burden of apportioning any injuries between itself and Castillo. Further, to the extent that the injuries arose primarily due to the defective design of the Vehicle and, as such, the injuries cannot be apportioned, "there is no reason why those whose conduct produced successive but indivisible injuries should be treated differently from those whose independent conduct caused injury in a single accident," *id*. at 189 ¶ 27, and Defendant Chrysler is responsible for all of the injuries.

**35.** The benefits of the seatback restraining capabilities of the Vehicle's driver restraint system in a rear-end collision are outweighed by the harmful characteristics or consequences of the design of the driver restraint system in a rear-end collision.

**36.** Ordinary consumers expect that driver seatbacks in model year 2006 PT Cruisers will retain a properly belted driver of the height and weight of Plaintiff in the driver seat during Collisions with characteristics like those that happened in the Collision.

### Claims For Relief

### Count 1

### Product Liability – Design Defect

**37.** Plaintiff hereby incorporates by this reference each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

**38.** The design of the Vehicle's driver seat, seatback and/or structure restraining the driver seat are defective and unreasonably dangerous.

**39.** The Vehicle's driver seat, seatback and/or structure restraining the driver seat design are defective and unreasonably dangerous because Chrysler knew, or should have known, in light of the generally recognized and prevailing scientific, technical, biomechanical and medical knowledge available at the time of the Vehicle's distribution, that a foreseeable use of the Vehicle's driver seat, seatback and/or structure restraining the driver seat design might be unreasonably dangerous to drivers and individuals seated in the rear seat behind the driver seat.

**40.** Although alternative designs have been available for many years, Chrysler chose not to design its driver seats in a manner to avoid such seatback failure in collisions of foreseeable severity.

**41.** The harmful characteristics or consequences of the Vehicle's sea seatback and/or structure restraining the driver seat design outweighs any benefits from the design.

**42.** Further, a reasonable consumer would not expect her or his front seat back to collapse in a rear-end collision with the severity involved in the Collision.

**43.** The Vehicle's occupant restraint design for rear end collisions of the severity of the Collision was not state of the art.

**44.** Plaintiff had not modified the seats of the Vehicle.

**45.** Plaintiff did not misuse the Vehicle during the Collision or otherwise.

**46.** As a direct and proximate result of Chrysler's defective and unreasonably dangerous design of the Vehicle driver seat occupant restraint system for rear end collisions, Mr. Zavala sustained severe and permanent physical injuries and, as a consequence, economic loss, emotional distress and loss of enjoyment of life.

## Count 2

### Product Liability – Manufacturing Defect

**47.** Plaintiff hereby incorporates by this reference each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

**48.** The Vehicle, as manufactured, distributed, and sold by Chrysler, was unreasonably dangerous due to a defectively designed front seats.

**49.** As a direct and proximate result of Chrysler's defect in the manufacture of the Vehicle driver seat occupant restraint system for rear end collisions, Mr. Zavala sustained severe and permanent physical injuries and, as a consequence, economic loss, emotional distress and loss of enjoyment of life.

## Count 3

### Negligence

**50.** Plaintiff hereby incorporates by this reference each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

**51.** Chrysler, as a manufacturer of vehicles for public distribution and sale, had and has a duty of care to make vehicles that are reasonably safe.

**52.** Chrysler breached this duty of care in the unreasonable design or unreasonable manufacture of the Vehicle.

**53.** As a direct and proximate result of Chrysler's negligence, Mr. Zavala sustained severe and permanent physical injuries, economic loss, emotional distress and loss of enjoyment of life.

### Prayer For Relief

**WHEREFORE**, Plaintiff Francisco Zavala prays for damages against Defendant FCA US LLC as follows:

1. For special damages, including but not limited to medical fees and expenses.

2. For other general damages, including lost income, pain and suffering, medical expenses, cost of care, loss of enjoyment of life.

3. For taxable costs and pre- and post-judgment interest to the extent permitted by law.

4. For exemplary damages to the extent permitted by law.

5. For attorney's fees and expenses to the extent permitted by law.

6. For other relief as the Court deems just and proper.

## Jury Demand

Plaintiff respectfully requests a trial by jury on all issues triable to a jury.

DATED this 21st day of June, 2019.

**SHUMWAY LAW PLLC**

/s/ G. Lynn Shumway
G. Lynn Shumway

**GHELFI LAW GROUP**
Brent Ghelfi

**BURNETT LAW OFFICE, PLC**
Thomas A. Burnett

*Attorneys for Plaintiff*

SHUMWAY LAW PLLC
4647 N. 32nd St., Suite 230
Phoenix, Arizona 85018-3345
602.795-3720 ♦ 602.795.3728 Fax